## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| VANCE ROY CLARK, )<br>  )<br>  Plaintiff, )<br>  )<br> v. )<br>  )<br> ERIC OLSON, et al., )<br>  )<br>  Defendants. ) | No. 4:24-CV-1206-HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Vance Roy Clark (registration no. 167236), an inmate at Jefferson City Correctional Center ("JCCC"), for leave to commence this civil action without payment of the required filing fee. ECF No. 2. While incarcerated, plaintiff has brought at least three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice to refiling as a fully paid complaint.

### The Complaint

On September 4, 2024, self-represented plaintiff Vance Roy Clark filed the instant thirty-six-page typed Complaint against twelve defendants. ECF No. 1. The defendants include employees of the Missouri State Highway Patrol who were involved in the investigation of his underlying criminal action; the confidential informant; and the St. Francois County judge, prosecutors, and public defenders involved in the prosecution of his criminal case. Plaintiff's Complaint consists of ten counts, including malicious prosecution, violations of 42 U.S.C. § 1983, false arrest, negligent hiring/retention, negligent supervision, negligent entrustment, and false

imprisonment. Plaintiff takes issue with the investigation of his criminal charges and his subsequent arrest and conviction. For relief, plaintiff seeks $5,000,000 in compensatory damages and $2,000,000 in punitive damages.

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had more than three previous cases dismissed on the basis of frivolity or failure to state a claim. As such, his instant motion to proceed *in forma pauperis* will be denied and his case will be dismissed without prejudice to refiling as a fully paid complaint.

### A.  Three Strikes Rule

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time that he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

**B. Plaintiff's Previous "Strikes"**

Review of this Court's files reveal that plaintiff, a prisoner, has accumulated three strikes by filing at least three previous cases that were dismissed as frivolous or malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Clark v. Iahn*, No. 4:91-cv-2595-CSC (E.D. Mo. Feb. 21, 1992), *Clark v. Stephan, et al.*, No. 4:00-cv-382-CEJ (E.D. Mo. May 22, 2000), and *Clark v. City of Park Hills Police Dept., et al.*, No. 4:13-cv-1152-CAS (E.D. Mo. Nov. 22, 2013).

As a result of plaintiff's previous filings and dismissals, this Court is unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are insufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

After a careful review of the instant complaint, the Court finds his allegations do not demonstrate he is in imminent danger of serious physical injury. Plaintiff seeks monetary damages related to the investigation and prosecution of his state criminal case. Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

**C. Motion for Appointment of Master**

Plaintiff has filed a "Motion for Appointment of Master" pursuant to Federal Rule of Civil Procedure 53. ECF No. 5. Special masters may be appointed only to "(A) perform duties consented to by the parties; (B) hold trial proceedings and make or recommend findings of fact on issues to

be decided without a jury if appointment is warranted by: (i) some exceptional condition; or (ii) the need to perform an accounting or resolve a difficult computation of damages; or (C) address pretrial and post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a). Such a request is not warranted by the issues presented in this action. Further, the motion will be denied as moot as this action is being dismissed under the three strikes rule. *See* 28 U.S.C. § 1915(g).

### D.  Motion to Consolidate Case and Take Judicial Notice

Plaintiff has filed a motion to consolidate this civil action with *Clark v. Falkenrath*, Case No. 4:23-cv-01284-SRC, a habeas corpus action, which was closed on July 26, 2024. ECF No. 4. He has also filed a Motion to Take Judicial Notice of 79 pages of documents. ECF No. 7. Both motions will be denied as moot as this action is being dismissed under the three strikes rule. Further, it would be inappropriate to combine a prisoner civil rights action and a habeas corpus action. Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. The Court does not allow a plaintiff to proceed under both statutes simultaneously in one action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate this case with his closed habeas corpus action [ECF No. 4] is **DENIED**.

4

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of master [ECF No. 5] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for to take judicial notice [ECF No. 7] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 27th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE